# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN B. MARCIN, BAR NO. 7078.

No. 75337

FILED

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney John Marcin be suspended for four years based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal), RPC 3.4(c) (fairness to opposing party and counsel), RPC 4.1 (truthfulness in statements to others), RPC 7.5A (registration of multijurisdictional law firms), RPC 8.1(a) (bar admission and disciplinary matters), and RPC 8.4(c) and (d) (misconduct).[1] Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

---

[1]Marcin is currently administratively suspended for failing to comply with continuing legal education requirements.

The facts and charges alleged in the complaint are deemed admitted because Marcin failed to answer the complaint and to appear at the disciplinary hearing.[2] SCR 105(2). The admitted facts establish that while representing a client in a medical malpractice case, Marcin failed to properly retain and designate expert witnesses, timely file expert reports, and timely comply with discovery and motion deadlines, resulting in some of the defendants being dismissed. Marcin misappropriated client funds when he accepted a settlement check of $75,000 on behalf of the client, used some of that money to make a payment on his personal residence, transferred a large portion to his operating account without permission, and failed to distribute the portion of the funds owed to the client. Marcin also lied to the client and to the court about the status of the settlement funds, failed to communicate with the client about the status of the case, lied to the court about his out-of-pocket expenses, and repeatedly failed to appear at necessary hearings and comply with court orders. Additionally, he failed to properly register his law firm with the State Bar Membership Services, update his SCR 79 address and contact information, or respond to the State Bar's lawful requests for information regarding these allegations.

---

[2]The State Bar sent the investigative inquiries, the bar complaint, the notice of intent to take a default, and other documents to Marcin through regular and certified mail to his SCR 79 address as well as through email. The State Bar also sent these documents to Marcin's residence in California, as well as other addresses where he might be located, but Marcin did not respond or appear at the disciplinary hearing. In addition, the State Bar attempted to serve Marcin with these documents at his new address listed on the California State Bar website but discovered that he had vacated that address months earlier.

 

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "exercise independent judgment," the panel's recommendations are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Marcin violated duties owed to his clients (competence, diligence, communication, safekeeping property, and truthfulness in statements to others), to the legal system (expediting litigation, candor to the tribunal, and fairness to opposing party and counsel), and to the legal profession (registration of multijurisdictional law firms, and failure to respond to lawful request for information from a disciplinary authority). The allegations in the complaint support the panel's finding that he acted intentionally at least with respect to converting client funds and failing to comply with court orders. His client was injured because he failed to diligently litigate the medical malpractice case and failed to disburse settlement funds to his client. His misconduct also harmed the integrity of the legal system, as he made misrepresentations to the court, failed to attend necessary hearings and comply with the district court's orders, and failed to move the litigation forward in an expedited manner. Further, his failure to update his SCR 79 contact information and to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

Based on the most serious instances of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction in this case before considering aggravating and mitigating circumstances is disbarment, *see id.*, Standard 4.11 (providing that disbarment is appropriate when an attorney "knowingly converts client property and causes injury or potential injury to a client"). The record supports the panel's finding of five aggravating circumstances (dishonest or selfish motive, refusal to acknowledge the wrongful nature of conduct, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution) and one mitigating circumstance (lack of disciplinary history).

Considering all the factors, and because disbarment is irrevocable in Nevada, *see* SCR 102(1), unlike in many other states, *see* Brian Finkelstein, *Should Permanent Disbarment be Permanent?*, 20 Geo. J. Legal Ethics 587, 590-91 (2007) (recognizing that the majority of states permit reinstatement after disbarment), we agree with the hearing panel that Marcin's misconduct warrants a lengthy suspension. We conclude that the recommended suspension of four years is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

The hearing panel also recommended that Marcin be required to pay his client $75,000 in restitution, which is the entire sum of the settlement received in the medical malpractice case. The record, however,

indicates that Marcin and his clients had a contingency fee agreement whereby Marcin would receive a certain percentage of any settlement amount and also be reimbursed out-of-pocket expenses. While restitution may be imposed as a condition of reinstatement, *see* SCR 116(5), the amount recommended by the panel, which does not account for Marcin's fees or expenses, is more akin to a fine, which may not be imposed in conjunction with suspension under our rules. *In re Discipline of Reade*, 133 Nev., Adv. Op. 87, 405 P.3d 105 (2017) (holding that a monetary fine exceeds the scope of sanctions that may be imposed with a suspension under SCR 102(2)). The record does not reflect the exact amount Marcin owes to his client, as this amount will not be determined until the district court enters an order approving the petition for minor's compromise. Accordingly, as a condition of reinstatement, we order Marcin to pay restitution in the amount of $75,000, less attorney fees and costs as determined by the district court in its order approving the petition for minor's compromise in Eighth Judicial District Court case no. A-12-674268-C.

Finally, we consider the panel's recommendation that Marcin's trust account and operating account be frozen. SCR 102(4) provides this court with authority to enter a temporary order restricting the attorney's handling of client funds upon the petition of bar counsel. No petition has been filed by bar counsel and nothing in SCR 102 provides this with court with the authority to freeze an attorney's bank accounts absent such a petition. Thus, we decline to accept this recommendation.

Accordingly, we hereby suspend attorney John Marcin from the practice of law in Nevada for four years commencing from the date of this order. Marcin shall pay $2,500 in administrative costs as provided by SCR

120(3), plus the actual costs of the disciplinary proceeding as authorized by SCR 120(1) and set forth in the State Bar's memorandum of costs within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.[3]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:    Chair, Southern Nevada Disciplinary Panel
       John B. Marcin
       Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court

_____

[3]In addition to the notices and disclosures required by SCR 121.1, the State Bar shall send a copy of this order to the State Bar of California, where Marcin also is licensed to practice law.